**FILED**

MAR -9 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN GREEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-0536 (UNA) |
| BRUCE CLEVELAND, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The plaintiff brings this action under 42 U.S.C. § 1983 against Bruce Cleveland, President and Chief Executive Officer of Presidential Bank and the attorneys who represented Presidential in proceedings before the United States Bankruptcy Court for the District of Columbia. It appears that the businesses the plaintiff once controlled defaulted on loans obtained from Presidential Bank, and that these businesses declared bankruptcy. The plaintiff asks this Court "to have these attorneys . . . disbarred and jailed immediately" for having violated his "constitutional rights and treating [him] like we're living in the Civil War era." Compl. at 10 (page numbers designated by CM/ECF). The plaintiff demands damages of $150 million . . . for mental pain suffered and health damages . . . and financial hardship" he has suffered as a result of the defendants' actions. *Id.* at 10-11. He also "want[s] this bank shut down so [it] won't treat another black man in America like he has no rights." *Id.* at 11.

Section 1983 provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish [1] that [he was] deprived of a right secured by the Constitution or laws of the United States, and [2] that the alleged deprivation was committed under color of state law." *Yelverton v. Smith*, No. 1:15-CV-0552, 2017 WL 6271266, at *2 (D.D.C. Feb. 14, 2017) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). For purposes of this Memorandum Opinion, the Court presumes without deciding that the plaintiff has been deprived of constitutionally-protected rights. The fatal defect of the plaintiff's complaint is its failure to allege that any of the named defendants acted "under color of" State or District of Columbia law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). No factual allegations of the plaintiff's complaint suggest that these defendants, for example, performed an official duty pursuant to State or District of Columbia authority. Here, a bank loaned money to businesses which failed to repay the loans, and legal action ensued. This is private activity, and "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *Am. Mfrs. Mut. Ins. Co.* 526 U.S. at 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (additional citation and footnote omitted)).

The Court concludes that the complaint fails to state a § 1983 claim. Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice. An Order is issued separately.

DATE: March 6, 2020

*[signature]*
TREVOR N. McFADDEN
United States District Judge